Fredler Breneville, Esq.
BBO #: 696529
EOIR #: KK391069
Breneville Law Offices, LLC
500 North Main Street, Suite 301
Randolph, MA 02368
(617) 448-6037
(781) 961-6970
(781) 961-0012(Fax)

DETAINED

**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF MASSACHUSETTS**
**BOSTON DIVISION**

**Lawens Joseph, A#: 218-039-019**

Petitioner,

v.

**Antone Moniz**, Warden of Plymouth Correctional Facility; **Dave Wesling,** Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement; **Kristi Noem**, Secretary of the U.S. Department of Homeland Security; and **Pamela Bondi**, Attorney General of the United States, in their official capacities,

Respondents.

Case No.

**PETITION FOR WRIT OF HABEAS CORPUS**

**ORAL ARGUMENT REQUESTED**

## INTRODUCTION

1. Petitioner Lawens Joseph is in the physical custody of Respondents at the Plymouth Correctional Facility. He is unlawfully detained pursuant to mandatory detention policies recently adopted by the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR).

2. Petitioner is charged with having entered the United States on January 12, 2024, and was at the time of application for admission, not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document. See 8 U.S.C. 1182(a)(7)(A)(i)(I). Based on

this allegation, DHS and EOIR deem Petitioner subject to mandatory detention as "applicants for admission" who are "seeking admission" under 8 U.S.C. § 1225(b)(2)(A) and therefore subject to mandatory detention.

3. DHS and EOIR each have nationwide policies mandating the detention of all persons who entered without admission or parole, regardless of whether that person was apprehended upon arrival. Most recently, on September 5, 2025, in ***Matter of Yajure Hurtado***, 29 I. & N. Dec. 216 (BIA 2025), the Board of Immigration Appeals (BIA) held that all persons who have entered the United States without admission or parole are now subject to mandatory detention under § 1225(b)(2)(A).

4. As a result, on December 15, 2025, Petitioner had a bond hearing with the Boston Immigration Court. The Court denied his motion for bond because it" lacked jurisdiction to consider release on bond since the Petitioner is an arriving alien seeking admission at a port of entry".

5. Absent an order from this Court, Petitioner will be subject to mandatory detention.

6. Petitioner asks this Court to find that his detention violates the due process clause of the United States Constitution and order Respondents to release Petitioner immediately or schedule a bond hearing before an immigration judge.

## JURISDICTION

7. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*

8. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause). Under 8 U.S.C. § 1252(e)(2), this Court has habeas authority to determine whether Petitioner is a noncitizen and whether Petitioner can prove by a preponderance of the evidence that he is a refugee under 8 U.S.C. § 1157.

9. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

10. Venue is proper because Petitioner is detained at the Plymouth Correctional Facility in Plymouth, Massachusetts, which is within the jurisdiction of this District.

11. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## REQUIREMENTS OF 28 U.S.C. § 2243

12. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

13. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." ***Fay v. Noia***, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

14. Petitioner was arrested around November 20, 2025, by ICE and is now in detention at the Plymouth Correctional Facility in Massachusetts. He is in custody and under the direct control of Respondents and their agents.

15. Respondent Antone Moniz is the Warden of the Plymouth Correctional Facility, and he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent Moniz is a legal custodian of Petitioner.

16. Respondent Dave Wesling is sued in his official capacity as the Acting Director of the Boston Field Office of U.S. Immigration and Customs Enforcement. Respondent Wesling is a legal custodian of Petitioner and has the authority to release him.

17. Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees the Boston U.S. Immigration and Customs Enforcement / U.S. Customs and Border Protection, the component agency responsible for Petitioner's detention/custody. Respondent Noem is a legal custodian of Petitioner.

18. Respondent Pamela Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

**STATEMENT OF FACTS**

19. Petitioner is a 31-year-old citizen of Haiti who entered the United States on January 12, 2024, fleeing persecution from his country, Haiti. He was placed in removal proceedings on his arrival in the United States.

20. Petitioner had been living with his relatives, at 200 Bedford Rd, Apt 11D in Woburn, Massachusetts since January 2024. Petitioner maintained steady employment at Buffalo Wild Wings and

CAVA Restaurant in Burlington, Massachusetts, prior to his detention. Petitioner's mother has been a lawful permanent resident since July 2012. (See exhibit A, Affidavit of Yolette Prince). Petitioner also has extended family members who are lawfully present in the United States. Petitioner had filed an I-589, Application for Asylum and Withholding of Removal with the Immigration Court. Petitioner is the beneficiary of a I-130 Petition filed on his behalf in September 2022 by his mother, which is pending approval. (See Exhibit B, I-130 Receipt Notice).

21. Petitioner was arrested by ICE around November 20, 2025, while he had a follow-up appointment at the hospital after being severely beaten in the face by his stepbrother during an altercation. (See exhibit C, Affidavit of Lawens Joseph). Petitioner was later transferred to the Plymouth Correctional Facility.

22. On December 15, 2025, Petitioner had a bond hearing with the Boston Immigration Court. The Court denied his motion for bond because it" lacked jurisdiction to consider release on bond since the Petitioner is an arriving alien seeking admission at a port of entry".

## LEGAL FRAMEWORK

23. The INA prescribes three basic forms of detention for the vast majority of noncitizens in removal proceedings.

24. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens in standard removal proceedings before an Immigration Judge (IJ). See 8 U.S.C. § 1229a. Individuals in § 1226(a) detention are generally entitled to a bond hearing at the outset of their detention, see 8 C.F.R. §§ 1003.19(a), 1236.1(d), while noncitizens who have been arrested, charged with, or convicted of certain crimes are subject to mandatory detention, see 8 U.S.C. § 1226(c).

25. Second, the INA provides for mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other recent arrivals seeking admission referred to under § 1225(b)(2).

26. Last, the INA also provides for detention of noncitizens who have been ordered removed, including individuals in withholding-only proceedings, see 8 U.S.C. § 1231(a)–(b).

27. This case concerns the detention provisions at §§ 1226(a) and 1225(b)(2).

28. The detention provisions at § 1226(a) and § 1225(b)(2) were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104—208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226 was most recently amended earlier this year by the Laken Riley Act, Pub. L. No.119-1, 139 Stat. 3 (2025).

29. Following the enactment of the IIRIRA, EOIR drafted new regulations explaining that, in general, people who entered the country without admission or parole were not considered detained under § 1225 and that they were instead detained under § 1226(a). See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

30. Thus, in the decades that followed, most people who entered without admission or parole and were placed in standard removal proceedings received bond hearings, unless their criminal history rendered them ineligible. That practice was consistent with decades of prior practice, in which noncitizens not deemed "arriving" were entitled to a custody hearing before an IJ or other hearing officer. See 8 U.S.C. § 1252(a) (1994); see also H.R. Rep. No. 104-469, pt. 1, at 229 (1996) (noting that § 1226(a) simply "restates" the detention authority previously found at § 1252(a)).

31. On July 8, 2025, ICE, "in coordination with" the Department of Justice, announced a new policy that rejected this well-established understanding of the statutory framework and reversed decades of practice.

32. The new policy, entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission," claims that all persons who entered the United States without admission or parole shall now be deemed "applicants for admission" under 8 U.S.C. § 1225, and therefore are subject to mandatory detention under § 1225(b)(2)(A). The policy applies regardless of when a person is apprehended and affects individuals who have resided in the United States for months, years, or even decades.

33. On September 5, 2025, the BIA adopted this same position in ***Matter of Yajure Hurtado***. There, the Board held that all noncitizens who entered the United States without admission or parole are deemed applicants for admission and are ineligible for IJ bond hearings. As a result, on December 15, 2025, Petitioner had a bond hearing with the Boston Immigration Court. The Court denied his motion for bond because it" lacked jurisdiction to consider release on bond since the Petitioner is an arriving alien seeking admission at a port of entry".

34. Dozens of federal courts have rejected the Respondents' new interpretation of the INA's detention authorities. On December 19, 2025, this Court issued a decision in ***Orellana v. Moniz***, which declares that aliens in the same situation as the Petitioner, are entitled to a bond hearing upon request to the Immigration Court, and at the bond hearing, the Immigration Judge may determine if the alien is eligible to be released on bond while removal proceedings are pending. ***Orellana v. Moniz***. 25-cv-12664, 2025 U.S. Dist. LEXIS 262638.

## CLAIMS FOR RELIEF

## COUNT I

### Violation of the INA

35. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

36. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the grounds of inadmissibility. As relevant here, it does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents. Such noncitizens are detained under § 1226(a), unless they are subject to § 1225(b)(1), § 1226(c), or § 1231.

37. The application of § 1225(b)(2) to Petitioner unlawfully mandates their continued detention and violates the INA.

## COUNT II

### Violation of Fifth Amendment Right to Due Process

38. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in paragraphs 1–35 as if fully set forth herein.

39. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

40. Petitioner has a fundamental interest in liberty and being free from official restraint.

41. The government's detention of Petitioner without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

a. Assume jurisdiction over this matter;

b. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1229a,

c. Issue a writ of habeas corpus clarifying that the statutory basis for Petitioner's detention is 8 U.S.C. § 1226(a) and that 8 U.S.C. § 1225(b)(2)(A) does not apply to Petitioner;

d. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately or schedule a bond hearing before an immigration judge and, at such hearing.

e. Declare ICE's July 8 policy and the BIA's Matter of Yajure Hurtado decisions unlawful;

f. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

g. Grant any further relief this Court deems just and proper.

Respectfully submitted,

Lawens Joseph

By His Attorney

Fredler Breneville, Esq.
BBO#: 696529
EOIR#: KK39069
Breneville Law Offices, LLC
500 North Main Street, Suite 301
Randolph, MA 02368
(617) 448-6037/ (781) 961-6970
info@brenevillelawoffices.com

Date: 02/11/2026

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Name, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: this 11th day of February, 2026.

Fredler Breneville, Esq.